UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Derrick Latodd Carpenter, § § § Plaintiff, § § versus § § Commissioner of Social Security, § § Defendant. § | Civil Action H-21-1111 |

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Derrick Carpenter is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Carpenter brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired

for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*
   A. *Background.*

Carpenter is a 37-year-old man who says that he is disabled by: (a) sciatica; (b) back, neck, and shoulder problems; (c) anxiety; (d) depression; (e) pancreatitis; (f) high blood pressure; and (g) high cholesterol.

Carpenter has some high-school education and has worked as a poultry dresser, machine cleaner, and partial post clerk. When he applied for social security on July 27, 2018, he said that his disability had begun on August 16, 2013.

The hearing officer found that Carpenter's impairments did not meet or equal a listed impairment. He decided that Carpenter could do light work.

   B. *Application.*

The hearing officer properly found that Carpenter was not disabled. The process was correctly followed.

First, Carpenter has not been gainfully employed. Second, the hearing officer found that Carpenter's morbid obesity, lumbar and cervical spine disorders, diabetes mellitus with hyperglycemia, pancreatitis, alcohol abuse, and major depressive disorder were severely impairing him. The officer, however, found that the hypertension and gastroesophageal reflux disease were not severly impairing him because the objective medical evidence did not show it had a significant effect on his ability to work and no aggressive treatment was recommended. Third, none of Carpenter's impairments met one listed. Fourth, the officer determined that Carpenter would be able to do light work with some

limitations after considering the combined effects of his impairments. Fifth, the officer found that Carpenter could find work in the national economy as a photocopy machine operator, garment sorter, marker nation, addresser, and tube operator.

Carpenter argues that the hearing officer erred: (a) because his residual functioning capacity determination conflicted with the step-five jobs; and (b) he did not sufficiently support his excluding aspects of a favorable medical opinion.

The officer's residual findings included a limitation that Carpenter "can understand, remember and carry out simple, two-step instructions in a work environment free of fast paced production requirements." The jobs found that he could do required a GED reasoning level two. A level two reasoning level means a worker can "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions."[1] Level one reasoning means a worker can "apply commonsense understanding to carry out simple one- to two-step instructions."[2] Carpenter argues that the officer's residual findings conflict with the job requirements.

Carpenter also argues that the officer needed to explain the discrepancy between his capacity limitation and the opinion on Balakrishna Mangapuram – who examined Carpenter at the agency's request. Mangapuram opined that Carpenter could lift, carry, and handle objects normally, less than ten pounds. The officer said that Carpenter could "lift and/or carry 20 pounds occasionally and 10 pounds frequently." Carpenter insists that this difference required an explanation by the officer.

Carpenter's attempt to create a conflict using the DOT regulations is unpersuasive. Social Security and DOT classifications are not an exact match. The language used by the officer is similar and explains enough to meet the substantial evidence standard. Also, Carpenter – who was represented by counsel

---

[1] *Photocopying-Machine Operator*, DICOT 207.685-014 (G.P.O. 1991).

[2] *Patcher Helper*, DICOT 861.687-014 (G.P.O. 1991).

at his administrative hearing – had the opportunity to cross-examine the vocational expert on this issue and did not. This issue is effectively waived.[3]

The court also does not see the argued discrepancy between the officer's and Mangapuram's lift restriction opinion. The officer incorporated Mangapuram's opinion with the caveat that it was a one-time evaluation – which is a truthful and reasonable one. Mangapuram's opinion does not include a frequency with "normally" having no clearly defined understanding in this context. The officer's finding includes this opinion but expounds upon the frequency. They do not conflict but appear as one included in the other.

The hearing officer's determination is supported by substantial evidence.

5.  *Conclusion.*

The commissioner's decision denying Derrick Carpenter's claim for disability insurance is supported by substantial evidence and will be affirmed. Derrick Latodd Carpenter will take nothing from the Commissioner of Social Security.

Signed on March 21, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000).